THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD
NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Mervin Wilber Hall,       
Appellant,
 
 
 

v.

 
 
 
US Food Services, Employer, and Mac Risk Management,       
Respondents.
 
 
 

Appeal From York County
Paul E. Short, Jr., Circuit Court Judge

Unpublished Opinion No. 2004-UP-510
Submitted October 1, 2004  Filed October 
 13, 2004

AFFIRMED

 
 
 
Stephen Benjamin Samuels, of Lexington, for Appellant.
Ellen H. Goodwin, of Columbia, for Respondents.
 
 
 

PER CURIAM: Mervin Wilber Hall appeals a 
 circuit court order that affirms the denial of workers compensation benefits 
 by his employer US Food Services.  We affirm. [1] 
Hall contends he suffered a back injury while on 
 the job.  Food Services disputes that.  The single commissioner denied Halls 
 claim, pointing to his lack of credibility, his failure to carry the burden 
 of proof, and the believability of Food Services witnesses.  An appellate 
 panel affirmed the single commissioner.  The circuit court, in turn, 
 affirmed the appellate panel.
Hall claims he injured his back when he 
 adjusted his seat while driving a company truck.  An investigation conducted 
 by Food Services, however, showed the seat could not be moved either forward 
 or backward because of a broken handle used to adjust the seat.  
 At the hearing before the single commissioner, 
 Hall acknowledged he had sustained a prior back injury when he adjusted a seat 
 on a company bus while employed elsewhere.  Hall admitted to having suffered 
 other prior back injuries as well, but only after Food Services confronted him 
 at the hearing before the single commissioner with medical records.  Hall 
 failed to report these injuries to the doctors who treated him for the alleged 
 injury that led to the present claim because he didnt think [the information] 
 was relevant. 
I.
Hall first argues the circuit court erred in affirming 
 the order of the workers compensation commission because the commission failed 
 to make specific and detailed findings of fact.
Findings of fact in a final decision of an administrative 
 body, such as the workers compensation commission, must contain a concise 
 and explicit statement of the underlying facts supporting the findings.  S.C. 
 Code Ann. § 1-23-350 (2002).  The commission satisfied this requirement here.   
 See Sharpe v. Case Produce, Inc., 336 S.C. 154, 159-160, 519 S.E.2d 
 102, 105 (1999) (holding the findings of the workers compensation commission 
 that a claimant did not suffer a work-related injury were sufficient where the 
 commission based its decision on the lack of credibility of the claimant and 
 on the credibility of the employers witnesses)
The commission found as a fact that Hall did not 
 sustain any injury by accident arising out of and in the course of his employment.  
  The concise and explicit statement of the underlying facts that support 
 this finding are the following: (1) Hall was not credible due to inconsistencies, 
 vague answers, and misstatements, and failed to disclose material information 
 until confronted with documentation; (2) Hall gave inconsistent answers in 
 regards to prior injuries, concealed the existence of prior injuries until 
 confronted with . . . medical documentation reflecting those injuries; and 
 (3) the commission viewed the employers witnesses as being credible when 
 they testified Hall said he was going to sue the company if he did not get 
 a new seat in his truck. 
II.
Hall next questions the commissions finding that 
 Hall failed to prove his case.  He says there is one reason for this finding: 
 the commission found Hall was not a credible witness.  This statement is not 
 quite correct.  The commission also found the employers witnesses were credible. 
 As we noted above, these findings are sufficient to support the commissions 
 decision.  Sharpe, 336 S.C. at 159-160, 519 S.E.2d at 105.  Determinations 
 regarding the credibility of witnesses in a workers compensation case are singularly 
 for the commission.  Shealy v. Aiken County, 341 S.C. 448, 455, 535 S.E.2d 
 438, 442 (2000). 
AFFIRMED.
GOOLSY, ANDERSON, and WILLIAMS, JJ. concur.

 
 [1] This case is decided without oral argument pursuant 
 to Rule 215, SCACR.